THE LYNCH REALTY COMPANY, RELATOR, v. CHARLES W. KAESER, BUILDING INSPECTOR OF THE TOWNSHIP OF HADDON, AND THE TOWNSHIP OF HADDON, RESPONDENTS.

Submitted February 16, 1928—Decided May 18, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Bleakly, Stockwell & Burling.*

For the respondents, *Walter S. Keown.*

PER CURIAM.

On September 6th, 1927, the relator applied to the building inspector of the township of Haddon for a permit for the erection of a two-story building containing two stores and apartments on property of the relator in the township of Haddon at the northeasterly corner of White Horse pike and Holly avenue. The building inspector denied the permit for the reasons that the building line ordinance of the township prohibited it. The relator thereupon, on October 27th, 1927, obtained this rule to show cause why a writ of *mandamus* should not issue commanding the building inspector to issue a permit to the relator for the building in question.

It appears that the land in question is part of a restricted tract, restricted by deed, requiring that no part of a building shall be nearer than twenty-five feet to the front street line

of lots on the White Horse pike and fifteen feet from the property line of all other streets within that designated tract or zone. It further appears that the building line ordinance of the township which prohibited the building in question, so far as we are now concerned with it, adopts in part, at least, the restrictions laid down in the deeds, by incorporating these restrictions as part of the building ordinance of the township.

It appears that the building proposed by the relator violates the set-back provisions of that ordinance.

In passing it may be noticed that the relator took title with both actual and constructive notice of these restrictions imposed by deed.

The question argued is whether or not this ordinance is within the police power.

We think that it is, and that the permit must be denied.

There is nothing in the facts of this case to distinguish it from the case of *Koplin* v. *Village of South Orange,* 6 *N. J. Mis. R.* 489, and we think the principle announced in that case controls the present case.

The result is that the rule to show cause in the present case will be discharged and the writ of *mandamus* denied accordingly.

Having reached the conclusion stated, we deem it important to all parties in interest to announce it promptly, and we do so in this somewhat informal manner, in order to enable the relator to avail itself of the earliest possible opportunity for review, if a review is desired. And if a review is desired, the relator is hereby given permission to enter a rule allowing and directing the molding of the pleadings so as to permit of such review.